IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Bass v. Ethicon, Inc., et al.*                Civil Action No. 2:13-cv-19550

MEMORANDUM OPINION & ORDER

Pending before the court is Plaintiff's Motion for Reconsideration [ECF No. 16], filed on February 19, 2016. The defendants, Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon") have responded [ECF No. 17], and the plaintiff has replied [ECF No. 18]. This matter is now ripe for my review. For reasons appearing to the court, the plaintiff's Motion for Reconsideration [ECF No. 16] is **GRANTED**.

I. Background

This case resides in the Ethicon, Inc. MDL, MDL 2327, one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. Pretrial Order ("PTO") # 17 provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. PTO # 17, MDL 2327 [ECF No. 281]. The purpose of the PPF, as was the case in *In re Phenylpropanolamine Prods. Liab. Litig.*, is "to

give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality").

Pursuant to PTO # 17, each plaintiff is required to submit a completed PPF to Ethicon within 60 days of filing a Short Form Complaint. PTO # 17 at ¶ 1b, MDL 2327 [ECF No. 281]. PTO # 17 further provided that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants."

In the present case, the plaintiff filed her Short Form Complaint in this MDL on July 12, 2013. Pursuant to PTO # 17, her PPF was due to Ethicon by September 10, 2013. The parties mutually agreed to extend the time for the plaintiff to submit her PPF to October 14, 2013. On June 3, 2015, 598 days later Ethicon moved for sanctions against the plaintiff because she had not submitted her PPF to Ethicon. Mot. for Sanctions, June 3, 2015 [ECF No. 5]. After plaintiff's counsel failed to provide any meaningful justification for this discovery deficiency, I entered an Order on September 8, 2015, that gave the plaintiff 30 business days to submit a completed PPF to Ethicon. Order, September 8, 2015 ("First Order") [ECF No. 8]. In my First

2

Order, I also warned the plaintiff that failure to comply within this established timeframe will result in dismissal with prejudice upon motion by the defendant.

On December 21, 2015, 105 days after I entered the First Order, Ethicon again moved for sanctions, seeking dismissal with prejudice of the plaintiff's case, because the plaintiff *still* had not submitted a PPF to Ethicon. Mot. for Sanctions, Dec. 21, 2015 [ECF No. 10]. Keeping in mind the First Order, I granted Ethicon's motion and dismissed the plaintiff's case with prejudice for failure to provide a PPF despite a period of *nearly two and a half years* to comply with PTO # 17. Mem. Op. and Order, Jan. 22, 2016 ("Second Order") [ECF No. 14].

In the instant motion, the plaintiff seeks reconsideration of my Second Order because she submitted her PPF on December 28, 2015.[1] Mot. for Recons. [ECF No. 16]. The plaintiff asks that I set aside the dismissal with prejudice of the plaintiff's case and apply a less severe sanction to the plaintiff's discovery violations.

## II. Discussion

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d

---

[1] The plaintiff argues that relief is justified under either Rules 59 or 60 of the Federal Rules of Civil Procedure.

1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff does not provide substantial justification for her failure to timely submit to discovery over such a long period of time. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

Considering the economic and administrative realities of multidistrict litigation, where the cost of preparing and serving even the most elementary of motions can quickly and easily add up, I find that a minimal representative valuation of Ethicon's expenses is $1000. This number accounts for the time and money Ethicon spent identifying Ms. Bass as one of the non-compliant plaintiffs; assessing the effect

of her discovery violations; drafting multiple motions for sanctions; serving the motions; and replying to the plaintiff's briefs in opposition. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiff followed the court's order, to be worth $1000 at the least.

### III. Conclusion

Accordingly, the plaintiff's Motion for Reconsideration [ECF No. 16] is **GRANTED**. It is also **ORDERED** that my Memorandum Opinion and Order [ECF No. 13] and Judgment Order [ECF No. 14] of January 22, 2016 [ECF No. 13] are **VACATED**. It is finally **ORDERED** that the plaintiffs have **30 business days** from the entry of this Order to pay Ethicon $1000 as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[2] In the event that the plaintiffs do not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants.

The court **DIRECTS** the Clerk to reinstate this case to the active docket, remove the Closed flag, and send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 18, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.